## EXCY D. SHUFELDT

*v.*

## JOHN GILLILAN.

*Filed at Ottawa May 9, 1888.*

PROMISSORY NOTE— *condition by separate agreement to become void upon death of payee—defense as against assignee with notice.* A widow who had a life estate in the lands and personal estate of her deceased husband, the remainder having been devised over by the deceased to his children, made an equal distribution of the estate before her death, taking from each heir a promissory note for the amount of his or her share, payable, in terms, on demand, with six per cent interest, to be paid to her annually, under the agreement that interest thereon should be paid to her as long as she lived, and that the notes should be destroyed at her death. The notes were never actually delivered, but were left with an attorney. Shortly before the death of the widow, she, by some means, obtained possession of one of the notes without the consent of the maker, and indorsed the same to a daughter, who took after maturity with notice of the facts, giving no consideration therefor. After her mother's death the assignee brought suit on the note: *Held,* that the facts stated constitued a defense to the action.

WRIT OF ERROR to the Appellate Court for the Second District;—heard in that court on appeal from the Circuit Court of Kane county; the Hon. C. W. UPTON, Judge, presiding.

Mr. FRANK CROSBY, and Mr. E. C. LOVELL, for the plaintiff in error.

Messrs. BOTSFORD & WAYNE, for the defendant in error.

Mr. JUSTICE MAGRUDER delivered the opinion of the Court:

This is an action of assumpsit brought in the circuit court of Kane county by plaintiff in error against defendant in error upon the following note:

"$1885.      ALGONQUIN, ILLS., *December 13, 1877.*

"On demand I promise to pay to Dolly Clauson the sum of eighteen hundred and eighty-five dollars, ($1885,) with interest at the rate of six per cent per annum, payable annually to the said Dolly Clauson.      JOHN GILLILAN."

which note was indorsed on the back as follows: "Pay to the order of Excy D. Shufeldt, Dolly Clauson." It is to be noted that this note does not contain words of negotiability. It is payable to Dolly Clauson and not to the order of Dolly Clauson, or to Dolly Clauson or order. Story on Promissory Notes, (7th ed.) secs. 44, 128.

Jury was waived by agreement and the cause tried by the court without a jury. It was stipulated that any evidence might be introduced on the part of the defense, which would be competent under any plea properly framed. The circuit court rendered judgment in favor of the defendant below, which judgment has been affirmed by the Appellate Court. The case is brought here by writ of error.

On December 13, 1877, Dolly Clauson was the widow of Henry Clauson, who died testate, and; by the terms of his will, dated May 11, 1875, gave and bequeathed to his wife, Dolly Clauson, to be accepted and received by her in lieu of dower, the use and control of all his estate both personal and real during her natural life, and therein directed that, after her death, his real estate should be sold, and the proceeds thereof, as well as all the personal estate left at her death, should be equally divided between his children, Floyd Clauson, Henry C. Clauson, Excy D. Shufeldt (the plaintiff in error) and Belinda Gillilan, wife of defendant in error, who died after the death of her father, Henry Clauson.

Defendant in error was administrator with the will annexed of Henry Clauson's estate. After the debts were all paid and the estate was settled, Dolly Clauson made an arrangement with her children for the division of her husband's estate in advance of her own death, waiving her right to use and control the property during her life. The real estate was sold for $13,500 and divided among the heirs. What was left of the personal property after the settlement of the estate was also divided.

Belinda Gillilan had died leaving three children, who were represented by their father with their consent in the arrangement here set forth. The share of Belinda Gillilan's children, as heirs of their mother, in the money and personalty to be divided, was the sum of $1885. It was thereupon agreed between Dolly Clauson and the defendant in error, that the latter should execute the note, of which a copy is above given, that this note should be placed in the hands of an attorney, named Young, to be held by him until Dolly Clauson's death, that defendant in error should pay the interest according to the terms of the note to Dolly Clauson, or to Young for her, to be used and spent by her for her support, that at her death the note was to be destroyed. Under this arrangement the sum of $1885 was paid to defendant in error for his children, and he executed the note now sued upon and placed it in Young's hands. It is thus evident that there was no actual delivery of the note to the payee, nor was it understood that there should ever be any delivery of the note to the payee.

The money belonged to Gillilan's children or would belong to them at their grandmother's death. It was paid to their father for them before the time specified in the will, upon condition that he would pay the annual interest upon the amount. This was the method, adopted by all the parties interested, of securing to Mrs. Clauson an income from the money during her life without withholding the principal until her death from those, who would then be entitled to it. Defendant in error

was at one time sued upon the note, before the death of Mrs. Clauson, on account of his failure to pay the interest, but, upon his final payment of the interest, the suit was dismissed.

Similar notes were given by the other heirs under the same arrangement and were drawn at the house of plaintiff in error. The plaintiff in error herself gave her note to her mother for her share of the personalty of her father's estate in accordance with the terms of the same agreement, but paid nothing on it and states that it was surrendered to her by her mother before the latter's death.

The note for $1885 was obtained from the possession of Young by Mrs. Clauson, through the aid of one of her sons, before her death. It is not necessary to detail the circumstances, under which the note thus passed out of Young's hands. It is sufficient to say that Mrs. Clauson, having become possessed of the note without consulting the maker and without his consent, indorsed it over and delivered it to her daughter, Mrs. Shufeldt, about three months before she died.

Plaintiff in error paid nothing for the note. She says that it was *given* to her by her mother. It was overdue when she received it. She knew and had full notice of the circumstances under which it was given by defendant in error, and that the latter was never to be required to pay the principal to the holder of the note. She was the assignee, without consideration, of the note when overdue and with knowledge of the arrangement, as thus detailed, between the maker and the payee.

The facts here stated were set up as a defense to the suit upon the note. Their existence is fully established by the judgment of the Appellate Court. We think they constituted a good defense, and that the circuit judge very properly gave judgment for the defendant.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*